# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RENEE BUGGS, individually and on behalf of those similarly situated,** )<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| v. ) | Case No. 05-1125-MLB |
| ) | |
| **HAYLOFT PROPERTY MANAGEMENT,** )<br>) | |
| **Defendant.** )<br>) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel the production of documents (Doc. 13). For the reasons set forth below, the motion shall be GRANTED IN PART and DENIED IN PART.

### Background

Plaintiff alleges that defendant, an apartment management company, discriminates on the basis of race in violation of 42 U.S.C. 1981 and 42 U.S.C. 3601 (Title VIII, Fair Housing). Highly summarized, plaintiff contends that defendant increases the amount of the required security deposit and other charges for tenants with lower credit scores. Plaintiff alleges the practice is discriminatory because African-Americans and Hispanics have lower credit scores.

## Motion to Compel

Plaintiff served defendant with the following production request:

REQUEST NO. 1: Complete files of tenants (see definitions), whether in paper or electronic format that includes but is not limited to, name, deposits, credit reports and scores, application, race, dates of residency, references and any and all other documents in each tenant's rental file.

Defendant asserted various objections and, most significantly, advised plaintiff that "it does not maintain race information."[1]  Plaintiff now moves to compel the following information:

1. Complete tenant files since January 1, 2000 of the four sampled locations on which the parties agreed;[2] and

2. The race of the tenants for each of the sixteen locations currently managed by the defendant.

Defendant opposes the motion, arguing that (1) the requested files are voluminous, (2) "it does not maintain race information," and (3) production of credit information would violate the Fair Credit Reporting Act.  In the event the motion is granted, defendant requests that the "place of production" be designated as the respective offices where the records are currently located and that plaintiff should pay for the cost of making copies.  The parties' arguments are set forth in greater detail below.

---

[1] In response to a prior production request, defendant provided plaintiff with an electronic database containing (1) each tenant's name and address, (2) the deposit paid, (3) the dates of occupancy, (4) the amount of fees charged, and (5) the amount of deposit returned.

[2] Defendant manages sixteen apartment complexes.  After conferring, the parties agreed to limit this request to four locations.  The four apartments are located in Wichita, Kansas and Lincoln, Nebraska.

-2-

**Tenant Files**

Defendant estimates that the files for the *current* tenants of the four apartments contain nearly 77,000 pages and that the files for *all* tenants dating back to January 2000 contain nearly 500,000 pages. However, the argument that plaintiff seeks a large number of documents, standing alone, does not excuse defendant from making the records available for inspection and copying as required under Fed. R. Civ. P. 34.[3] Moreover, the number of pages requested is not disproportionate when considered in the context of plaintiff's request for certification of a class action. Defendant's contention that the discovery request should be denied because plaintiff seeks a large volume of documents is rejected.

Defendant also argues that production of the credit reports in each tenant's file would violate the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, et seq.; therefore, the motion to compel should be denied. This argument is without merit. The FCRA allows for the production of a consumer credit report "[i]n response to the order of a court having jurisdiction to issue such an order...." 15 U.S.C. 1681b(a)(1). Defendant concedes in its answer that this court has subject matter jurisdiction over this action and personal jurisdiction over defendant (Doc. 6, par. 4-5); thus, the FCRA is no bar to an order requiring the production of the credit reports.

Although plaintiff's motion to compel production of the tenant files is GRANTED, the issue of *where* production should occur remains. Given the large volume of documents

---

[3] With the exception of estimated number of pages, defendant offers no other evidence or argument concerning the burdensome nature of the request.

involved, the court is persuaded that the files should be made available for inspection and copying at the respective offices where the files are regularly maintained in the course of defendant's business.[4]  Plaintiff shall pay for the cost of making any requested copies of files.

### Racial Identification of Tenants

Plaintiff also seeks to compel defendant to provide the race of each tenant.  As noted above, defendant explains that "it does not maintain" racial information and, ordinarily, such a response would end the discussion of production under Fed. R Civ. P. 34.  However, recognizing that the process for determining the race of each tenant is likely to be expensive and time-consuming and utilizing novel arguments, plaintiff seeks to shift the burden of this effort to defendant.

For example, plaintiff contends that her evidentiary problem "would be alleviated if defendant would stipulate to the fact that there have been at least "X" amount of minorities (African-American) who have leased from the defendant during the relevant time period." (Doc. 13, p. 5).  Plaintiff argues that because defendant declines to enter into such a stipulation the burden of conducting an investigation to determine the race of each tenant should be shifted to defendant.  The court does not agree.  Rule 34 only requires the production of tangible "documents" or "things" for inspection and does not require defendant to create a *document*

---

[4] The complete collection of tenant files are maintained in Hayloft's facility in Tea, South Dakota.  In addition, a duplicate file is held at each apartment complex *for three years*.  Plaintiff has the option of inspecting the duplicate files at the Wichita and Lincoln properties or traveling to Tea, South Dakota to inspect all files.

*that does not exist.* Defendant's refusal to enter into a stipulation, under the circumstances, does not justify an order requiring defendant to finance plaintiff's lawsuit.

Plaintiff also argues that defendant's representation that it does not maintain race information is "without merit" because defendant requires production of a photo ID in conjunction with the submission of an apartment rental application. Plaintiff contends that the photo ID is "racial information" and that defendant should produce copies of the photo IDs in its possession.

The problem with this argument is that plaintiff mischaracterizes defendant's identification and record keeping policy. That policy provides:

> **9.1.2 Identification.** A picture ID must be obtained from each applicant. This includes all roommates and/or spouses. Normally this will be their driver's license. You can photocopy the ID for reference in processing the application, but **DO NOT** file the copy anywhere in your records. **No application can be processed without checking a photo ID, no exceptions!** (Emphasis contained in original).

While the policy requires that employees check an applicant's photo ID, the policy also expressly prohibits the retention of a copy "anywhere in [defendant's] records." There is no evidence that defendant's employees violated this policy and defendant's representation that "it does not maintain" racial information is consistent with its policy of prohibiting the retention of a photo ID in its records.[5]

Finally, based on a strained interpretation of the lease agreement between defendant and

---

[5] If in fact photos were placed in the files in violation of the policy, plaintiff will have access to those photos when reviewing the tenant files. The order concerning production of all tenant files satisfies plaintiff's request for the production of *existing* photos.

a tenant, plaintiff contends that defendant has the right to verify the identity of each tenant at any time. Plaintiff argues that defendant should be ordered to do so and, while verifying each tenant's identity, should also note the race of the tenant. The court rejects plaintiff's misguided argument. This argument is simply another undisguised attempt to require defendant to create factual evidence for plaintiff. As noted above, Rule 34 does not require that defendant create documents which do not already exist. Accordingly, plaintiff's motion to compel defendant to provide the racial status of the tenants is DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 13)** is **GRANTED IN PART** and **DENIED IN PART**, consistent with the above rulings. Defendant shall make the tenant files available for plaintiff's inspection at a mutually agreeable time on or before **November 11, 2005.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 26th day of October 2005.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge