## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

RENEE BUGGS,                      )
                                  )
                 Plaintiff,       )      **CIVIL ACTION**
                                  )
v.                                )      No.  05-1125-MLB
                                  )
HAYLOFT PROPERTY MANAGEMENT,      )
                                  )
                 Defendant.       )
_____ )

### MEMORANDUM AND ORDER

This case comes before the court on plaintiff's motion to certify class. (Doc. 27). The motion has been fully briefed and is ripe for decision. (Docs. 28, 33, 34). Plaintiff's motion is denied, for reasons herein.

**I.   FACTS AND PROCEDURAL HISTORY**

Plaintiff Renee Buggs, an African American female, applied for an apartment at defendant's East Hampton Estates on May 10, 2001. Plaintiff was informed that as a part of the application process defendant would perform a credit check and verify plaintiff's income and references. Plaintiff's credit report was marked "good," her rent-to-income ratio was 45% and plaintiff's prior landlord reported that she had occasionally made late payments. (Docs. 1 at 6; 33 at exh. B).

According to the complaint, the apartment deposit at East Hampton Estates paid by other tenants was ". . . as little as $300.00." Defendant required plaintiff to place a deposit on the apartment in the amount of $820.00. Plaintiff's monthly rental payment was $820.00. Plaintiff has testified that she was told by a

representative of defendant that the amount of her deposit was ". . . due to my credit score . . . ."  Plaintiff moved out of East Hampton on May 24, 2003.  Plaintiff alleges that defendant has kept in excess of $1700.00 of plaintiff's funds.[1]  (Docs. 1 at 6; 28, exh. 1 at 4; 33, exh. A at 39, 75-76, 178; 34 at 6).

Plaintiff asserts that defendant's practice of using credit scores to determine the amount of deposit disparately impacts minorities since African Americans and Hispanics have credit scores which, on average, are lower than Caucasians.  Plaintiff has alleged that this practice violates the Civil Rights Act of 1866, 42 U.S.C. § 1981 and Title VIII of the Fair Housing Act, 42 U.S.C. § 3601.  Plaintiff has filed this action as a class action on behalf of all minorities who have rented property from defendant since January 1, 2001, and those who will rent in the future.  Plaintiff seeks injunctive relief, a refund of funds paid by the class and, apparently, damages based on the ". . .value of the loss of use of the enlarged deposit."  (Docs. 1; 6 at 6-7).

## II.  ANALYSIS

Plaintiff has moved to certify a class under a theory of disparate impact.  A claim under section 1981 requires proof of discriminatory intent and cannot be sustained by a showing of disparate impact.  General Building Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 389, 102 S. Ct. 3141, 73 L. Ed.2d 835 (1982) (section "1981 reaches only purposeful discrimination.").  Since plaintiff's section 1981 disparate impact claim fails as a matter of law,

---

[1] It is not clear what this figure represents.

plaintiff may only certify her disparate impact claim under Title
VIII.

In order to certify plaintiff's proposed class under Title VIII,
the court must first perform a rigorous analysis of the issues
necessary to show that the requirements of Fed. R. Civ. P. 23(a) have
been met.  J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1287-88 (10th
Cir. 1999).  "A party seeking class action certification must
demonstrate, under a strict burden of proof, that all of the
requirements of 23(a) are clearly met."  Rex v. Owens ex rel. State
of Okl., 585 F.2d 432, 435 (10th Cir. 1978).  Rule 23(a) sets forth
the following prerequisites for class certification:

> (1) the class is so numerous that joinder of all
> members is impracticable, (2) there are questions of law or
> fact common to the class, (3) the claims or defenses of the
> representative parties are typical of the claims or
> defenses of the class, and (4) the representative parties
> will fairly and adequately protect the interests of the
> class.

If the court determines that the factors in Rule 23(a) are met,
then it must examine whether the action falls within one of three
categories of suits set forth in Rule 23(b).  Plaintiff seeks to
certify her class pursuant to Rule 23(b)(2), which requires that "the
party opposing the class has acted or refused to act on grounds
generally applicable to the class, thereby making appropriate final
injunctive relief or corresponding declaratory relief with respect to
the class as a whole."  Fed. R. Civ. P. 23(b)(2).

In determining whether plaintiff has established the required
factors under Rule 23(a), the court will look to Title VII employment
discrimination cases for guidance with regard to Title VIII housing
discrimination claims.  Mountain Side Mobile Estates P'ship v. Sec'y

-3-

of Hous. and Urban Dev., 56 F.3d 1243, 1251 n. 7 (10th Cir. 1995)(citing Honce v. Vigil, 1 F.3d 1085, 1088 (10th Cir. 1993). Since the court finds that plaintiff has failed to demonstrate numerosity, plaintiff's motion to certify the class is denied.

### A.   Numerosity

Plaintiff's motion seeks to certify a class as follows: "all minorities in the United States who has [sic] rented property from the defendant since January 1, 2001 and who will rent in the future." (Doc. 28 at 9).  To prove numerosity, plaintiff must demonstrate that the putative class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  Plaintiff has asserted that this element has been met by setting forth the following argument:

> In Kansas, forty-nine members is numerous enough to establish numerosity.  Simmons v. City of Kansas City, Kan., 129 F.R.D. 178, 180 (D. Kan. 1989).
>
> It is clear here that the defendant has more than 49 minority tenants across the country.  Defendant currently manages 16 properties with approximately 2800 apartment units. In 1997, defendant managed approximately 2000 units. Thus, the defendant has had well over 14,000 tenants since January 1, 1997.  A mere one percent of tenants would equal 140 tenants. Notice must be accomplished here because of the defendant's record keeping. It is impossible, without such mechanism to know the exact number of the class. Thus, plaintiff satisfies this requirement.

(Doc. 28 at 11).

While the proposed class in Simmons did include forty-nine members, the court found that the plaintiffs had established numerosity since the plaintiffs set forth evidence of potential retaliation.  The court did not determine that the plaintiffs had established numerosity solely based on the number of potential class members.  See Simmons, 129 F.R.D. at 180.

-4-

Plaintiff must meet her burden in establishing that joinder is impracticable.  Plaintiff has failed to do so.

> In class action suits there must be presented some evidence of established, ascertainable numbers constituting the class in order to satisfy even the most liberal interpretation of the numerosity requirement. There is, however, no set formula to determine if the class is so numerous that it should be so certified. The determination is to be made in the particular circumstances of the case. The duty of establishing those particular circumstances rests with the party who asserts the existence of the class and that party must produce some evidence or otherwise establish by reasonable estimate the number of class members who may be involved.

Rex, 585 F.2d at 436.

Plaintiff appears to misunderstand what it means to have the burden to demonstrate that her case should be certified as a class action.  Plaintiff relies upon authority for the general proposition that it is improper for the court to inquire into the merits of the case in deciding whether class certification is appropriate.  (Doc. 28 at 6).  Plaintiff's interpretation of this general rule appears to be that the court may not look beyond the allegations of her complaint.  Clearly, this is not a correct interpretation, whether in the Tenth Circuit or elsewhere.  Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 157, 102 S. Ct. 2364, 2370, 72 L. Ed.2d 740 (1982)(the bare allegation that racial discrimination has occurred "neither determines whether a class action may be maintained . . . nor defines the class that may be certified."); Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 n. 12, 98 S. Ct. 2454, 2458 n. 12, 57 L. Ed.2d 351 (1978)("Evaluation of many of the questions entering into determination of class action questions is intimately involved with the merits of the claims."); Shook v. Paso County, 396 F.3d 963, 968

(10th Cir. 2004)(In determining whether the prerequisites of Rule 23(a) are satisfied, the court may consider the legal and factual issues presented by the complaint); <u>Nelson v. U.S. Steel Corp.</u>, 709 F.2d 675, 679 (11th Cir. 1983)(explaining that Rule 23(a) evidence "is often intertwined with the merits"); and <u>Commander Properties Corp. v. Beech Aircraft Corp.</u>, 164 F.R.D. 529, 535 (D. Kan. 1995)("Commander has not presented any evidence regarding the number of [potential class members] who allegedly incurred damages relating to the wing bolt problem.  The present record does not establish how many potential class members would be involved in such a definition, or the practicality of their joinder. . .")

The record is bare of any evidence regarding the existence of potential class members and plaintiff's "calculations" do not provide the court of a reasonable estimate of potential class members. Plaintiff's counsel examined "hundreds, if not, thousands of tenant files." (Doc. 28, Declaration of Lawrence Williamson).  Plaintiff's counsel was provided with the names of tenants, but failed to investigate as to their status as potential plaintiffs.  The court cannot determine whether joinder of potential class members is impracticable when plaintiff has utterly failed to submit any evidence of the potential class.  Instead, plaintiff apparently expects the court to assume that every minority who has rented one of defendant's more than 2,000 apartments has been subjected to disparate treatment in the form of a larger deposit as the result of use of a credit score to determine the amount of the renter's security deposit.  Plaintiff's "evidence" appears to be her own experience plus an unauthenticated study for the Missouri Department of Insurance which purports to

demonstrate that insurance credit-scoring systems produce significantly worse scores for residents of high-minority zip codes and that minority and low-income individuals are significantly more likely to have worse credit scores than wealthy individuals and non-minorities. This study, even if properly authenticated, provides no evidentiary support for plaintiff's class certification argument. At best, it is a statistical survey conducted in another state for another purpose. It proves nothing insofar as this case is concerned. This conclusion has not been reached by examining the merits of plaintiff's claim. Rather, there is a complete disconnect between the fact that plaintiff is a minority who was charged a higher security deposit based on her credit score and the conclusion that other minorities have been so treated based on a study conducted in Missouri.

Based on plaintiff's submission, the court cannot conclude that the "strict burden of proof" has been met as to numerosity. Rex, 585 F.2d at 435.

## III. CONCLUSION

Plaintiff's motion to certify the class is denied since plaintiff has failed to establish Rule 23(a)'s requirements of numerosity.[2]

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously

---

[2] The court need not examine the remaining factors under Rule 23(a) or (b). See Rex, 585 F.2d at 435 (class certification is properly denied once plaintiff has failed to meet the burden of establishing numerosity); Robinson v. Gillespie, 219 F.R.D. 179, 187 (D. Kan. 2003).

misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this  __10th__  day of May 2006, at Wichita, Kansas.


<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-8-